Curia, per

Earle.
The verdict of the jury has established, that the plaintiff had a right to the private way which he claimed. It is not material to the determination of the question, made on the motion for a new trial, to inquire how the right was first acquired. The agreement between Col. Shubrick, under whom plaintiff derives title, and the three persons
who then owned the premises now held by the defendant, first *gave rise to the way in question ; and is supposed to have been a dedication of it to the public. But as the attempt to build up the village of Belvidere proved abortive, there was no public to acquire the right of *117 way there, by actual use, which was confined to the covenanters themselves, and those claiming under them. The use was strictly private, and seems to have been continuous for more than twenty years. The land on which the way lies, belonged to Shubrick. It is not the case of a private way over another’s land, and of an obstruction by the owner. Shubrick dedicated the way, or granted the right to use it, to Edwards, Grant and Simons, from whom the defendant derived title, and to all others, as the street or road of Belvidere. The plaintiff derives title from Shubrick, to a portion of the, same lands, composing Belvidere, to which the way was appurtenant, and may be said, therefore to have the right of way, by express grant, or by necessary implication. We cannot suppose the absurdity in a legal point of view, that Shubrick, by granting to others a right of way, should deprive himself, and those holding under him, of the right to use the way.
See State vs. Peterst 7 Rich. 393. An.
The defendant’s title deeds and accompanying plats demonstrate, not only that the way is not over his soil, but that the existence of it has been admitted by those under whom he claims, as well as by himself. The Court is therefore satisfied there is abundant evidence to sustain the plaintiff’s right of way.
This right, however, is supposed to have been extinguished by a long continued obstruction, and as the defendant’s gate was put up on the way in 1829, which was an appropriation of it to himself, and a denial of a right to others to pass over it, that the plaintiff’s right of action was likewise gone. No doubt a right of way may be extinguished in several modes; and especially the erection of a permanent obstruction, which necessarily hinders the exercise of the right, would operate to annihilate it.(a) How long such an obstruction must be permitted to exist, in order to raise a presumption that will overthrow the right, or lose the remedy by action, we need not consider. The only question on this part of the case is, whether the erection of a gate across the way, which is opened and shut at pleasure, by all who pass, is such an obstruction as would have the effect to extinguish the right of way; and we *are clearly of opinion that it is not. It is a modification of the right, which may be prescribed; but it is not an obstruction that prevents or hinders the use of the way ; and, therefore, however long continued, would not have the effect of extinguishing the right, or of barring the remedy.
In Capers vs. Wilson,(b) Mr. Justice Nott expresses a doubt whether a gate of that kind would be such an obstruction as would give a right of action. We think, therefore, that the verdict is right, and the motion to set it aside is refused.
The whole court concurred.

 See 3 Strob. 226; 6 Rich. 298. An.

 3 McC. 174. Am.